UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

HARPREET SINGH,                                                                                    Petitioner,

v.                                                                            Civil Action No. 4:25-cv-133-DJH

MIKE LEWIS, Jailer, Hopkins County Jail
and SAMUEL OLSON, Field Office Director,
Chicago Field Office, U.S. Immigration and
Customs Enforcement,                                                                           Respondents.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Petitioner Harpreet Singh is a noncitizen currently detained in the Western District of Kentucky. Singh seeks a writ of habeas corpus pending removal proceedings and asserts that his detention by immigration authorities without a bond hearing violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Docket No. 1) The Court granted the parties' joint motion to forgo a show-cause hearing given the absence of a factual dispute. (D.N. 8) The United States, on behalf of Respondent Samuel Olson, moves to dismiss for lack of subject-matter jurisdiction. (D.N. 9) Singh opposes the motion. (D.N. 10) After careful consideration, the Court will deny the motion to dismiss and grant the petition for the reasons explained below.

**I.**

Singh "is a native and citizen of India." (D.N. 1, PageID.3 ¶ 20) He has been "present in the United States" for more than two years and has "a pending application for asylum before the Memphis Immigration Court." (*Id.*) Upon entering the United States in 2023, Singh was arrested

1

by Border Patrol, placed in removal proceedings under § 1229a, and released from custody.[1] (*See id.*, PageID.4 ¶ 21–22; D.N. 9-1, PageID.64; D.N. 9-2) Singh was charged at that encounter with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*See* D.N. 9-2, PageID.65 ("[Y]ou are subject to removal . . . pursuant to . . . [§] 212(a)(6)(A)(i) of the Immigration and Nationality Act . . . .")) On July 1, 2025, he was pulled over while driving, released on bond after being charged with "[o]perating [w]hile [i]ntoxicated," and later detained by U.S. Immigration and Customs Enforcement (ICE) agents.[2] (*See* D.N. 1, PageID.4 ¶ 23; D.N. 9-1, PageID.64) After this second interaction with immigration officials, Singh was additionally charged under § 1182(a)(7)(A)(i)(I) as an immigrant who was "not in possession of a valid unexpired immigrant visa . . . or other valid entry document." (D.N. 9-3, PageID.68) The government indicates that his state criminal case is still pending. (D.N. 9, PageID.38)

Singh is currently detained at Hopkins County Jail in Madisonville, Kentucky. (D.N. 1, PageID.1 ¶ 1) He seeks a writ of habeas corpus against Chicago ICE Field Office Director Russell Hott and Hopkins County Jailer Mike Lewis. (*See generally* D.N. 1) Singh requests that the Court

---

[1] While Respondents state that Singh was placed in removal proceedings after his 2025 arrest (D.N. 9, PageID.39), Singh's Notice to Appear dated July 31, 2023, initiated "removal proceedings under section 240 of the Immigration and Nationality Act" (D.N. 9-2, PageID.65), which is codified at 8 U.S.C. § 1229a.

[2] Although no ICE detainer has been filed by any of the parties, the record indicates that Singh was turned over to ICE pursuant to a detainer. (*See* D.N. 9-1, PageID.64) "An immigration detainer notifies a state or locality that ICE intends to take custody of a removable alien when the alien is released from that jurisdiction's custody." *Gonzalez v. Noem*, No. 1:25-CV-00150-GNS, 2025 WL 3140802, at *1 (W.D. Ky. Nov. 10, 2025) (quoting *Lopez-Lopez v. Cnty. of Allegan*, 321 F. Supp. 3d 794, 797 (E.D. Mich. 2018)). "ICE issues the detainer to request that the state or locality . . . cooperate by notifying ICE of the alien's release date and by holding the alien for up to 48 hours—which is based on ICE's determination that . . . it has probable cause that the alien is removable." *Id.* (quoting *Lopez-Lopez*, 321 F. Supp. 3d at 797).

2

order Respondents to release him or schedule a bond hearing.[3] (D.N. 1, PageID.15) Respondents move to dismiss for lack of subject-matter jurisdiction.[4] (D.N. 9, PageID.37) More specifically, they argue that (1) the Court lacks jurisdiction to hear the habeas petition; (2) Singh's detention is lawful under § 1225(b)(2); (3) his detention does not violate due process; and (4) the remedy of release is not appropriate "prior to [an] immigration judge entertaining a bond hearing."[5] (*See* D.N. 9, PageID.40–61)

## II.

**A.    Jurisdiction**

Federal courts have jurisdiction to grant a writ of habeas corpus to an individual "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). This jurisdiction includes habeas corpus challenges to the legality of a noncitizen's detention. *See Rasul v. Bush*, 542 U.S. 466, 483–84 (2004); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Although the Court "may not review discretionary decisions made by immigration authorities, it may review immigration-related detentions to determine if they comport with the demands of the Constitution." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 901 (D. Minn. 2020) (citing *Zadvydas*, 533 U.S. at 688).

---

[3] Singh also requests that Respondents be enjoined from moving him outside this district. (*See* D.N. 1, PageID.15) As in other recent cases, the Court will deny this request as moot. *See Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *8 n.10 (W.D. Ky. Nov. 4, 2025) (citing *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *16 (E.D.N.Y. Oct. 6, 2025)).
[4] "A motion to dismiss is not contemplated under the [h]abeas [r]ules" because "such a motion is effectively duplicative of an [a]nswer to a [p]etition, in which all relevant arguments that could be made on such a motion can and should be made." *Maldonado v. Baker*, No. 25-3084-TDC, 2025 WL 2968042, at *11 (D. Md. Oct. 21, 2025) (explaining why a federal district court "ordinarily does not apply Federal Rule of Civil Procedure 12, which governs the filing of a motion to dismiss, to a habeas petition"). Because the Court finds that it has jurisdiction here, the motion to dismiss will "necessarily be denied as to" that issue. *Id.*
[5] Respondents make no argument as to whether Singh must exhaust his administrative remedies. (*See generally* D.N. 9) Thus, the Court will not address this point.

Respondents argue that the Court's jurisdiction to hear Singh's claims is limited under 8 U.S.C. § 1252(g) and § 1252(b)(9). (*See* D.N. 9, PageID.40–41, 45–49) Section 1252(g) prohibits federal courts from hearing claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." Respondents argue that the decision to detain Singh is a "specification" of the commencement of his removal proceedings and thus falls under § 1252(g)'s jurisdictional bar. (*Id.*, PageID.40)

The Court previously considered and rejected this argument in *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *2–3 (W.D. Ky. Nov. 4, 2025). There, the Court observed that § 1252(g)'s jurisdictional bar is "narrow" and limited to the three actions listed in that provision: commencing proceedings, adjudicating cases, and executing removal orders. *See id.* at *2 (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999)). Like the petitioner in *Alonso*, Singh asks the Court to review his detention without the opportunity for release on conditional parole or bond (*see* D.N. 10, PageID.73), which is not prohibited under § 1252(g). 2025 WL 3083920, at *2–3.

Respondents acknowledge that § 1252(g) "does not cover 'all claims' arising from decisions to commence proceedings, adjudicate cases, or execute removal orders." (D.N. 9, PageID.45 (quoting *Reno*, 525 U.S. at 471, 482, 487)) But they argue that "[d]eciding that Section 1252(g) only revokes the Court's jurisdiction over the . . . ultimate decision to commence proceedings, adjudicate cases, or [execute] removal orders renders the provision 'arising from' superfluous." (*Id.*, PageID.46) The Court disagrees in light of the Supreme Court's narrow reading of the phrase "arising from" in that provision. *Reno*, 525 U.S. at 482; *see also Jennings v.*

*Rodriguez*, 583 U.S. 281, 294 (2018) ("[W]e read the language [in § 1252(g)] to refer to just those three specific actions themselves." (citing *Reno*, 525 U.S. at 482–83)).[6]

Respondents also contend that subsection (b)(9) deprives the Court of jurisdiction because it "bar[s]" claims challenging the decision to detain. (*See* D.N. 9, PageID.41) Further, they argue that Singh's legal and factual questions for the Court arise from the decision to remove him from the United States. (*Id.*, PageID.46–47) Section 1252(b) states that

> [w]ith respect to review of an order of removal . . . the following requirements apply:
>
> . . . .
>
> (9) Consolidation of questions for judicial review
> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this

---

[6] In *Alonso*, the Court rejected as unpersuasive or immaterial several of the cases Respondents cite in their brief here. *Compare* 2025 WL 3083920 at *2, *with* D.N. 9, PageID.44. The other cases Respondents cite as to § 1252(g) (*see* D.N. 9, PageID.44–45) are distinguishable and, in any event, not binding. *See Öztürk v. Hyde*, 155 F.4th 187, 189 (2d Cir. 2025) (Menashi, J., concurring in denial of rehearing en banc) (describing the cases at issue as involving one petitioner "detained after the Secretary of State determined that his presence in the United States would have serious adverse foreign policy consequences" and another petitioner "detained after the State Department revoked her student visa on a similar basis") (internal quotation marks and citations omitted); *Suri v. Trump*, No. 25-1560, 2025 WL 1806692, at *3 (4th Cir. July 1, 2025) (weighing a motion to stay involving a habeas petition alleging retaliation for First Amendment activity); *Limpin v. United States*, No. 17-CV-1729 JLS (WVG), 2019 WL 1326670, at *3–4 (S.D. Cal. Mar. 25, 2019) (dismissing a Fourth Amendment claim as arising from § 1252(g), as required under Ninth Circuit precedent, and claims under the Federal Tort Claims Act on separate grounds), *aff'd*, 828 F. App'x 429 (9th Cir. 2020); *Gupta v. McGahey*, 709 F.3d 1062, 1064–65 (11th Cir. 2013) (finding that the appellant's claims under the Fourth and Fifth Amendments alleging "wrongfully procuring a warrant for his arrest" arose from § 1252(g)); *Sissoko v. Rocha*, 509 F.3d 947, 949 (9th Cir. 2007) (concluding that detention arose from the government's "decision to commence expedited removal proceedings" and rejecting the argument that § 1252(g) should "be read to allow . . . a *Bivens* damages remedy for false arrest"); *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002) (considering whether § 1252(g)'s jurisdictional bar "include[s] not only a decision in an individual case *whether* to commence, but also *when* to commence, a proceeding" (citation omitted)); *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 942 n.6 (5th Cir. 1999) ("We express no opinion on the extent to which other federal statutes (most notably 28 U.S.C. § 2241) might limit the application of § 1252(g)" as to claims by an appellant subject to a removal decision).

> subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision . . . , to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). As with § 1252(g), the Court rejects Respondents' argument that the "decision to detain" is challenged (*see* D.N. 9, PageID.41), since Singh asks the Court to review his detention without the opportunity for release on conditional parole or bond (*see* D.N. 10, PageID.73). And § 1252(b)(9) applies only "[w]ith respect to review of an order of removal." 8 U.S.C. § 1252(b). The Court thus concludes that it has jurisdiction over Singh's claims.

**B.     Immigration and Nationality Act**

Singh asserts that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226, because he is "subject to [§] 1226(a)'s discretionary detention scheme." (*See* D.N. 10, PageID.78) Respondents argue that "[a]s an applicant for admission, Singh's detention is governed by 8 U.S.C. § 1225(b)." (D.N. 9, PageID.42) Respondents' argument as to the applicability of § 1225 over § 1226 is nearly identical to the argument made in *Alonso*, 2025 WL 3083920, at *4–8. *See also Salinas v. Woosley*, No. 4:25-CV-121-DJH, 2025 WL 3243837, at *2–4 (W.D. Ky. Nov. 20, 2025) (same argument). The Court thus summarizes and incorporates by reference its reasoning and determination from *Alonso*.

In *Alonso*, the Court relied on the text and statutory context of § 1225 and § 1226 in concluding that the petitioner was an applicant for admission without "seeking admission" as defined under § 1225(b)(2)(A).[7] *See Alonso*, 2025 WL 3083920, at *5. The Court further found that because the petitioner was "arrested and detained pending a decision on whether [he was] to

---

[7] The Court acknowledges Respondents' discussion of recent district court decisions that have reached contrary conclusions on the meaning of the phrase "seeking admission" and the applicability of § 1225(b). (*See* D.N. 9, PageID.56–58) The Court further acknowledges the decisions cited in response to this point by Singh. (*See* D.N. 10, PageID.74–77) In this case, the Court bases its conclusions on a careful consideration of the most up-to-date caselaw.

be removed from the United States," *id.* at *5 (quoting § 1226(a)), he detained under § 1226(a) and thus entitled to a bond hearing, *id.* at *8. While the petitioner in *Alonso* had been residing in the United States for more than a decade (*see id.*) and Singh has been present here for approximately two years (D.N. 1, PageID.3 ¶ 20), this Court and others have "held similarly as to the inapplicability of § 1225 where petitioners had resided in the United States for only a handful of years." *Salinas*, 2025 WL 3243837, at *2 (citations omitted). And Singh's 2023 interaction with immigration authorities and subsequent release do not bar such a finding.[8] *Id.*

Respondents additionally argue that the Court should afford *Skidmore* deference to the BIA's decision in *In re Yajure Hurtado*.[9] (*See* D.N. 9, PageID.50–51) Under *Skidmore*, the "weight of [an agency's] judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later

---

[8] Respondents also assert that Singh's signed application for asylum shows that he is "currently actively seeking lawful admission." (D.N. 9, PageID.55) Section 1225(b)(2)(A) remains inapplicable where such an asylum application "was not done when [the petitioner] was 'arriving' to [the United States]." *Santos Franco v. Raycraft*, No. 2:25-cv-13188, 2025 WL 2977118, at *7 (E.D. Mich. Oct. 21, 2025); *see also Lopez v. Olson*, No. 3:25-CV-654-DJH, 2025 WL 3217036, n.5. But neither party has provided evidence showing when Singh applied for asylum. (*See generally* D.N. 1; D.N. 9; D.N. 10) In any event, the sole authority cited by Respondents on this point is the interpretation of "seeking admission" reached in *Rojas v. Olson*, No. 25-cv-1437-bhl, 2025 WL 3033967 (E.D. Wis. Oct. 30, 2025). (*See* D.N. 9, PageID.55) The petitioner in *Rojas* entered the United States without authorization approximately seven years before being detained by ICE and placed in removal proceedings without a bond hearing. *Rojas*, 2025 WL 3033967, at *1. The court concluded that he was lawfully detained under § 1225(b)(2) as an applicant for admission. *See id.* at *8. But the court declined to give separate meaning to the phrase "seeking admission," finding that it "is best read as simply another way of referring to aliens who are applicants for admission." *Id.* The court also cited *In re Yajure Hurtado* as "persuasive." *Id.* at *10. Finally, the court acknowledged "the number of other district courts that have adopted [the petitioner's] position" but engaged with the reasoning of only one contrary case within the Seventh Circuit. *Id.* at *9; *see id.* at *9–10. The Court therefore declines to follow *Rojas*.

[9] In *In re Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the BIA held that noncitizens who "surreptitiously cross into the United States" without admission or inspection are applicants for admission under § 1225(b)(2)(A). 29 I&N Dec. at 228. The BIA also concluded that immigration judges lack authority to hear bond requests of such noncitizens detained under § 1225(b)(2)(A). *Id.* at 229.

pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). The Court explained in *Alonso* why it did not agree with the reasoning in *In re Yajure Hurtado*. *See* 2025 WL 3083920 at *4–7. Moreover, the decision is not consistent with other BIA pronouncements, *see Skidmore*, 323 U.S. at 140; on the contrary, *In re Yajure Hurtado* "pivot[ed] from three decades of consistent statutory interpretation." *Pizarro Reyes*, 2025 WL 2609425, at *7; *see also id.* at *7–8 (analyzing legislative history, agency guidance, and agency practice behind the current version of § 1226(a) and finding that "[f]or almost three decades, most noncitizens who entered without inspection that were placed in standard removal proceedings received bond hearings, unless subject to an exception"). Thus, the Court will not afford *Skidmore* deference to *In re Yajure Hurtado*. *Skidmore*, 323 U.S. at 140; *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) (noting that deference to an agency's interpretation may be "especially warranted" where the agency's decisions have "remained consistent over time" (citations omitted)); *see also Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC (EMC), 2025 WL 2637503, at *9 (N.D. Cal. Sep. 12, 2025) (declining to give *Skidmore* deference to *In re Yajure Hurtado* based on the BIA's "inconsistent" pronouncements and concluding that the "BIA's reasoning [in that case] lacks persuasive power").

Consistent with *Alonso* and caselaw from across the country addressing the same issue, the Court concludes that Singh is detained under § 1226(a) rather than § 1225(b)(2) and is thus entitled to a bond hearing. *Alonso*, 2025 WL 3083920, at *7; *Salinas*, 2025 WL 3243837, at *3; *Lopez-Campos v. Raycraft*, No. 2:25-cv-12486, 2025 WL 2496379, at *8 (E.D. Mich. Aug. 29, 2025).

**C.    Due Process**

Singh argues that his detention violates due process under the Fifth Amendment. (D.N. 1, PageID.13–14 ¶¶ 54–61) Respondents contest this assertion, arguing that Singh has been given

8

all the due process that is required for detention under § 1225(b). (D.N. 9, PageID.59) As previously discussed, Singh is detained under § 1226, not § 1225. Therefore, Respondents' central argument on the due process required for § 1225(b) detainees is irrelevant.[10]

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings. *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted). The Court applies the balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine whether civil detention violates due process. *See Alonso*, 2025 WL 3083920, at *8 (citing *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *6 (W.D. Ky. Sep. 19, 2025)). Under that test, the Court must weigh three factors:

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* (citing *Mathews*, 424 U.S. at 335).

Here, the three factors each support granting Singh a hearing. Like the petitioners in *Barrera* and other cases recently before the Court, Singh "has a significant private interest in not being detained." *Barrera*, 2025 WL 2690565, at *6; *see also Alonso*, 2025 WL 3083920, at *8. And "the risk of erroneously depriving [Singh] of his freedom is high if the [immigration judge] fails to assess his risk of flight and dangerousness." *Lopez-Campos*, 2025 WL 2496379, at *9; *see also* 8 C.F.R. §1236.1(c)(8), (d)(1). Finally, a "routine bond hearing" presents "minimal" fiscal

---

[10] To the extent that Respondents rely on the due-process analysis in *Rojas*, which involved an automatic stay and a finding that the petitioner was detained under § 1225, *see* 2025 WL 3033967, at *54–61, the findings of the *Rojas* court are not binding here and contradict prior decisions of this Court involving identical automatic stays, *see, e.g.*, *Martinez-Elvir v. Olson*, No. 3:25-CV-589-CHB, 2025 WL 3006772 (W.D. Ky. Oct. 27, 2025).

and administrative burdens, and "there is an established process for doing so that [the Department of Homeland Security] can readily follow here." *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *15 (E.D.N.Y. Oct. 6, 2025). The Court thus finds that Singh's detention without a bond hearing violates due process. *See Alonso*, 2025 WL 3083920, at *8; *Guerra*, 2025 WL 3046187, at *5; *Barrera*, 2025 WL 2690565, at *7; *Lopez-Campos*, 2025 WL 2496379, at *9–10; *see also Roman v. Olson*, No. 25-169-DLB-CJS, 2025 WL 3268403 (E.D. Ky. Nov. 24, 2025) (following *Barrera*).

**D.      Release as a Remedy**

Respondents argue that finding Singh's detention falls under § 1226 and subsequently granting immediate release would be "a legal oxymoron." (*See* D.N. 9, PageID.59) They further argue that his "request denies the very process statutorily mandated by the detention statute he claims is applicable."[11] (*Id.*)

The Court recently addressed identical arguments in *Salinas v. Woosley*, 2025 WL 3243837, at *4–5. The Court found in *Salinas* that the grant of immediate release and a bond hearing before an immigration judge prior to any re-detention was appropriate where the petitioner (1) had been re-detained under § 1226(a) without a showing of changed circumstances after a previous release by immigration authorities and (2) was then "denied the opportunity to pursue the process provided under § 1226(a)." *See id.* The Court also rejected the arguments that such a remedy usurps the discretion of the immigration judge and interferes with the adjudication of removal proceedings. *See id.* at *5. As in *Salinas*, the petitioner here was previously arrested in

---

[11] Singh's reply did not present any counterarguments on this point (*see generally* D.N. 10), presumably because his petition did not seek both forms of relief (*see* D.N. 1, PageID.15–16). But the Court will address the government's arguments here to maintain consistent remedies between similarly situated habeas petitioners. *See, e.g.*, *Salinas v. Woosley*, No. 4:25-CV-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025).

2023 by immigration authorities and was released pending his removal proceedings. (*See* D.N. 9-1, PageID.64; D.N. 9-2, PageID.65) Consistent with its previous ruling, the Court will thus order Singh's immediate release and that he be provided a bond hearing upon any re-detention. *See Salinas*, 2025 WL 3243837, at *5.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Singh's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to release Singh from custody promptly and, if he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a). The United States **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **December 1, 2025**.

(2)    Respondents' motion to dismiss (D.N. 9) is **DENIED**.

(3)    Singh's request that Respondents be enjoined from moving him outside this district is **DENIED** as moot.

(4)    Upon receipt of the notice of compliance, this matter will be **CLOSED**.

November 26, 2025

David J. Hale, Chief Judge
United States District Court